UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Pradeep B. Gupte,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Uber Technology,<br><br>　　　　　Defendant. | Civil No. 3:24-cv-02037 (VAB)<br><br><br><br>June 27, 2025 |

**RECOMMENDED RULING ON**
**INITIAL REVIEW OF THE AMENDED COMPLAINT UNDER 28 U.S.C. § 1915**

**I.　　INTRODUCTION**

　　This is a lawsuit filed by the plaintiff, Pradeep Gupte, proceeding *pro se*, against Uber Technology. (Am. Compl., ECF No. 24.) Mr. Gupte appears to allege in his amended complaint that the defendant discriminated against him by terminating his employment, retaliated against him, and then discriminated against him again by failing to rehire him. (*Id.* at 1–4.) In a prior ruling, the Court granted Mr. Gupte permission to proceed *in forma pauperis* ("IFP") – that is, without paying filing fees. (ECF No. 23.)

　　As the Court explained in that prior ruling, to ensure that a plaintiff proceeding IFP is not abusing the privilege of filing a free lawsuit, the court examines his complaint to determine whether, among other things, it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). If the complaint "fails to state a claim," the court must dismiss the case. *Id.*

　　United States District Judge Victor A. Bolden referred Mr. Gupte's case to me – United States Magistrate Judge Thomas O. Farrish – to rule on Mr. Gupte's motion to proceed IFP and to review his original complaint pursuant to 28 U.S.C. § 1915. (ECF No. 18.) I granted Mr. Gupte's

1

IFP motion, but I nevertheless recommended that Judge Bolden dismiss all the claims in the complaint. (ECF No. 23.) Judge Bolden adopted my recommended ruling, dismissing the complaint with leave to amend. (ECF No. 25.) Mr. Gupte filed an amended complaint (ECF No. 24), and Judge Bolden referred it to me for an initial review. (ECF No. 27.) Having thoroughly reviewed the amended complaint, I recommend that Judge Bolden dismiss all the claims for failure to state a claim on which relief may be granted.

## II.      REVIEW OF THE AMENDED COMPLAINT

### A.      General Principles of Review under 28 U.S.C. § 1915

As noted above, the court must dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint "fails to state a claim" when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Twombly*, 550 U.S. at 555–56. Conclusory allegations are insufficient. *Iqbal*, 556 U.S. at 678.

These and other pleading rules are applied liberally in favor of *pro se* plaintiffs like Mr. Gupte. "Since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements," courts must "construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections*, 232 F.3d 135, 139–40 (2d Cir. 2000). In other words, courts

interpret *pro se* complaints "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks omitted). Still, even a *pro se* plaintiff must meet plead a plausible claim. *See Vega v. Univ. of Conn. Med. Ctr.*, No. 3:11-cv-01864 (AVC), 2012 WL 1825381, at *1 (D. Conn. May 16, 2012) ("Although courts still have an obligation to liberally construe a *pro se* complaint, the complaint must include sufficient factual allegations to meet the standard of facial plausibility." (internal citation omitted)).

B.     **Application of These Principles to Mr. Gupte's Amended Complaint**

In its review of the original complaint, the Court identified and dismissed three claims: (1) wrongful termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60; and 42 U.S.C. § 1981; (2) retaliation in violation of Title VII, the CFEPA, and Section 1981; and (3) violation of his right to due process under the Fourteenth Amendment, actionable through 42 U.S.C. § 1983. (ECF No. 23, at 7; ECF No. 25, at 3, 10.) Mr. Gupte restates those claims in his amended complaint, but even construing the complaint liberally, I observe no attempt by Mr. Gupte to cure the defects discussed in my Recommended Ruling and in Judge Bolden's Order adopting that ruling. (*See* ECF Nos. 23, 25.) Accordingly, I recommend that Judge Bolden again dismiss the wrongful termination claims under Title VII, the CFEPA, and Section 1981 as time barred; the retaliation claims under Title VII, the CFEPA, and Section 1981 for failure to state a claim upon which relief may be granted; and the due process violation claim under the Fourteenth Amendment for failure to state a claim.

Because courts are directed to interpret *pro se* complaints "to raise the strongest arguments that they suggest," *Pabon*, 459 F.3d at 248, I thoroughly reviewed the well-pleaded facts in the amended complaint to determine if Mr. Gupte attempted to add any additional claims. I identify

two such claims.  The first is a failure-to-hire claim in violation of Title VII.  (ECF No. 24, at 3.)  The second is a denial of public accommodations claim in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*  (ECF No. 24, at 4.)  For the reasons stated below, I recommend that Judge Bolden also dismiss these claims.

Title VII makes it unlawful for an employer "to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin[.]"  42 U.S.C. §2000e-2(a)(1).  A plaintiff complaining of a discriminatory failure to hire must demonstrate that "(1) he is a member of a protected class, (2) he was qualified for the job for which he applied, (3) he was denied the job, and (4) the denial occurred under circumstances that give rise to an inference of invidious discrimination[.]"  *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  In the amended complaint, Mr. Gupte does not allege that he is a member of a protected class covered by Title VII.  Moreover, although he does allege that he was "qualified for the position," that the defendant did not hire him, and that the defendant was "motivated by discriminatory animus in declining to hire" him (ECF No. 24, at 3), such conclusory allegations are insufficient to support a claim of employment discrimination under Title VII, even when drafted by a *pro se* plaintiff.  *See, e.g.*, *Idlisan v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 2:13-cv-02345 (SJF) (GRB), 2014 WL 2157540, at *7 (E.D.N.Y. May 23, 2014) (dismissing the *pro se* plaintiff's Title VII failure-to-hire claim because his allegations were "conclusory and speculative" and "[did] not come close to alleging a plausible case of employment discrimination").  Accordingly, Mr. Gupte's amended complaint fails to state a Title VII failure-to-hire claim.

The amended complaint also fails to state an ADA claim.  Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal

4

enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation[.]" 42 U.S.C. § 12182(a). To state a claim under Title III, a plaintiff must allege "(1) that [he] is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against [him] by denying [him] a full and equal opportunity to enjoy the services defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008) (citing 42 U.S.C. § 12182(a)). In this case, Mr. Gupte says that he is disabled and has been "for a long time." (ECF No. 24, at 4.) He appears to say that his disability interferes with his ability to "walk fast" and "climb steps." (*Id.* at 15.) He also says that he has diabetes and bipolar disorder. (*Id.* at 24.) As to the second element, the defendant appears to operate a place of public accommodation. *See* 42 U.S.C. § 12181(7)(F) (stating that public accommodations for purposes of the ADA include travel services). However, even if that was enough to plausibly plead the first two elements of a Title III claim, Mr. Gupte's amended complaint fails to allege that the defendant discriminated against him based on his disability. He says that the defendant "blocked [his] gmail account for Uber" and he therefore cannot get a ride when he needs one. (ECF No. 24, at 4.) But he does not allege any facts to demonstrate that the defendant did so because of his disability. In fact, he says that the defendant blocked his account as retaliation for his filing for unemployment benefits. (*Id.* at 3.) Accordingly, Mr. Gupte has failed to state a claim under Title III of ADA.

### III.    CONCLUSION

In sum, I recommend that Judge Bolden dismiss the wrongful termination claims under Title VII, the CFEPA, and Section 1981 as time barred. I also recommend that Judge Bolden dismiss for failure to state a claim on which relief may be granted (1) the retaliation claims under Title VII, the CFEPA, and Section 1981; (2) the due process violation claim under the Fourteenth

Amendment; (3) the failure-to-hire claim under Title VII; and (4) the denial of public accommodations claim under Title III of the ADA.

This is a recommended ruling by a magistrate judge. Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C). **If Mr. Gupte wishes to object to my recommendation, he must file that objection with the Clerk of the Court by July 16, 2025.** *See* Fed. R. Civ. P. 72(b)(2) (stating that objections to magistrate judge recommendations shall be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (allowing five additional days for persons who will receive the recommendation from the Clerk of the Court via mail). If he fails to file a timely objection, his failure "operates as a waiver of any further judicial review[.]" *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). In particular, failure to file a timely objection operates as a waiver of the right to seek appellate review in the Court of Appeals. *Id.*; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6; *see also Impala v. U.S. Dep't of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order).

                                                             */s/ Thomas O. Farrish*
                                                             Hon. Thomas O. Farrish
                                                          United States Magistrate Judge